[Cite as *In re Rowles*, 2011-Ohio-4314.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: JILL R. ROWLES


JILL R. ROWLES

     Applicant


 Case No. V2010-50647

Commissioners:
Susan G. Sheridan, Presiding
William L. Byers IV
E. Joel Wesp

ORDER OF A THREE-COMMISSIONER PANEL

---

{1}On August 21, 2009, the applicant, Jill Rowles, filed a compensation application in Claim No. V2010-50647, wherein she asserted she was a victim of crime as the result of the murder of her husband, Fred Rowles.  On December 1, 2009, the Attorney General issued a finding of fact and decision denying the applicant's claim pursuant to the holding in *In re Clapacs* (1989), 58 Ohio Misc. 2d 1.  The Attorney General's investigation revealed that the applicant did not have direct awareness of the crime scene nor did she come upon the scene shortly after its immediate aftermath. Therefore, the Attorney General determined she did not qualify to receive an award of reparations.  On January 11, 2010, the applicant submitted a request for reconsideration.  On March 10, 2010, the Attorney General rendered a Final Decision finding no reason to modify its initial decision and granting the applicant's voluntary request to withdraw her claim.  On July 22, 2010, the applicant filed a notice of appeal from the March 10, 2010 Final Decision of the Attorney General.

{2}On March 19, 2010, the applicant filed a compensation application which was assigned Claim No. V2011-60077.  This claim concerned the applicant being

menaced and being harassed by telephone. On January 13, 2011, the Attorney General issued a finding of fact and decision finding that the applicant was a victim of criminally injurious conduct as the result of menacing which occurred on and after May 25, 2009. The Attorney General granted the applicant an award of reparations in the amount of $298.86, of which $75.97 represented security system monitoring costs for the period May 3, through July 28, 2010 and $222.89 represented mileage expenses incurred for the period July 13, 2009 through June 30, 2010. However, the Attorney General denied applicant's claim for reimbursement of medical expenses since they were reimbursable from Medicaid, a readily available collateral source. The applicant's claim for work loss was denied since the applicant did not prove this loss by a preponderance of the evidence. Finally, the security system costs to protect the applicant's business while she were out-of-state was not a compensable loss.

{3}On January 20, 2011, the applicant filed a request for reconsideration and on January 25, 2011, the applicant filed a notice of appeal from the Attorney General's finding of fact and decision of January 13, 2011. On April 1, 2011, the Attorney General rendered a Final Decision. The applicant was granted an additional award of reparations in the amount of $9,042.58, of which $285.60 represented reimbursement for having her door locks changed; $36.30 for mileage expenses from January 27, through March 5, 2009; $379.80 for reimbursement of treatment received from St. Francis Hospital & Health Centers on February 4, 2010; $8,276.88 for work loss incurred for the period September 1, 2009 through September 10, 2010; and $64.00 paid directly to Tri-State Security System Inc. for a monitoring expense for January, February, and March 2009. The Attorney General determined expenses incurred at Community Hospitals of Indiana, the Adult & Child Center, Emergency Physicians of Indianapolis, St. Francis Hospital & Health Center, and Rural Metro of Indiana are currently being addressed in Claim No. V2009-66159. Finally, the applicant's request for reimbursement of a re-bill fee is not a compensable expense under the program.

{4}Hearings in Claim Nos. V2010-50647 and V2011-60077 were set to be heard before this panel of commissioners on April 20, 2011. On April 12, 2011, the parties filed a joint motion to consolidate and remand claims based upon newly discovered evidence that the applicant, is in fact, a victim in her own right.

{5}The parties contend that the witnessing of the murder scene of the applicant's husband Fred Rowles and the subsequent menacing and telephone harassment are intertwined to the point that they are inseparable. Accordingly, the parties request that Claim No. V2010-50647 and Claim No. V2011-60077 be consolidated under Claim No. V2011-60077.

{6}The parties also agree that since the economic loss incurred by the applicant due both to her witnessing the crime scene and to the menacing events are impossible to separate, the consolidated claim should be limited by the maximum award referenced in R.C. 2743.60(I), fifty thousand dollars.

{7}Finally, the parties request that this consolidated claim be remanded to the Attorney General's office for calculation of future economic loss.

{8}From review of the claim files, careful consideration of the joint motion, and a status conference held with the parties on April 14, 2011, we find the joint motion should be granted. These claims present an enigma for the panel. While the events in question happened at different times and places, they relate to the murder of the applicant's husband. Based upon the compelling arguments of the parties we find the mental health counseling the applicant is receiving is so related to the totality of the events in question that the expenses in the two claims cannot be rationally separated. Accordingly, the consolidation of Claim Nos. V2010-50647 and V2011-60077 under Claim No. V2011-60077 is appropriate and the joint motion is granted.

{9}Next we find that the Attorney General's request to re-evaluate the applicant's status as a victim in her own right with respect to viewing the murder scene of her husband to be warranted. The Attorney General related that he contacted the Portsmouth Police Department and was informed that they accompanied the applicant

to the crime scene. She witnessed the scene just as it appeared at the time of the discovery of the decedent's body. This event coupled with the psychological injury the applicant experienced after her husband's death convinced the Attorney General that the applicant qualifies as an indirect victim of criminally injurious conduct as outlined in *In re Clapacs* (1989), 59 Ohio Misc. 2d 1. This panel concurs with the Attorney General's decision.

{10}Finally, based on the statements of the Attorney General, applicant's counsel, and the medical records contained in the case file it is clear that the applicant's psychiatric condition is attributable to both her witnessing of the crime scene and her victimization as the result of the menacing. It is impossible to attribute the applicant's ongoing psychiatric treatment as to one or the other of the traumatic events. Accordingly, this panel will accept the recommendation of the parties to limit the maximum award under consolidated Case No. V2011-60077 to $50,000.00

{11}Accordingly, the April 12, 2011 joint motion of the parties is granted.

IT IS THEREFORE ORDERED THAT

{12}1) The March 10, 2010 decision of the Attorney General in Case No. V2010-50647 is REVERSED and judgment is rendered in favor of the applicant;

{13}2) The parties' joint motion of April 12, 2011 is GRANTED;

{14}3) Claim No. V2010-50647 and V2011-60077 are consolidated under Claim No. V2011-60077;

{15}4) Consolidated Claim No. V2011-60077 is subject to the limitations imposed by R.C. 2743.60(I);

{16}5) Consolidated Claim No. V2011-60077 is remanded to the Attorney General for total economic loss calculations and decision;

{17}6) This order is entered without prejudice to the applicant's right to file a supplemental compensation application, within five years of this order, pursuant to R.C. 2743.68;

{18}7) Costs are assumed by the court of claims victims of crime fund.

_____
SUSAN G. SHERIDAN
Presiding Commissioner


_____
WILLIAM L. BYERS IV
Commissioner


_____
E. JOEL WESP
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2011\May 27-June 9\V2010-50647 Rowles.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Scioto County Prosecuting Attorney and to:


Filed 5-27-11
Jr. Vol. 2278, Pgs. 186-190
Sent to S.C. Reporter 8-26-11